**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000650
29-JAN-2015
07:57 AM**

NO. CAAP-12-0000650

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
WESLEY KOBAYASHI, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(Case No. 1DTA-12-00560)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Ginoza, JJ.)

Defendant-Appellant Wesley Kobayashi (Kobayashi) appeals from the Judgment and Notice of Entry of Judgment, entered on July 2, 2012 in the District Court of the First Circuit, Honolulu Division (District Court),[1] in which the District Court dismissed the charges of Operating a Vehicle Under the Influence of an Intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(1) and/or (a)(3) (Supp. 2014) and No Motor vehicle Insurance, in violation of HRS § 431:10C-104(a) (2005) without prejudice.

On appeal, Kobayashi contends that the District Court erred by (1) failing to provide specific findings of fact and conclusions of law to support dismissal of the charges without prejudice and (2) dismissing the charges without prejudice instead of with prejudice.

---

[1]     The Honorable David W. Lo presided.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Kobayashi's points of error as follows:

The record on appeal does not contain a transcript of the July 2, 2012 proceeding in which the District Court dismissed this case. Because the District Court's factual findings may be made either orally or in writing, it was Kobayashi's burden on appeal to prove that the District Court failed to comply with Hawai'i Rules of Penal Procedure (HRPP) Rule 12(e) to make findings of fact orally or in writing. See State v. Hoang, 93 Hawai'i 333, 336, 3 P.3d 499, 502 (2000) (it is appellant's burden of demonstrating error in the record). Although, the written record is silent as to the basis for dismissing the charges, written findings were not required. See State v. Hern, 133 Hawai'i 59, 323 P.3d 1241 (App. 2013) (holding in the context of an HRPP Rule 48(b) motion that the trial court should have articulated the factors it considered in dismissing a charge with or without prejudice, but reviewing the transcript).[2] "[W]e will not presume error from a silent record." Hoang, 93 Hawai'i at 336, 3 P.3d at 502. Because the factual basis of Kobayashi's alleged point of error, that the District Court made no findings, either orally or in writing, "is not part of the record on appeal, this court has no basis upon which to rule on the merits of his claim." Id.

In addition, the record is silent as to the arguments Kobayashi advanced, if any, for dismissing the charges with prejudice. Without a transcript, Kobayashi has failed to carry

---

[2] Kobayashi made a post-judgment request for findings of fact and conclusions of law, relying on Hawai'i Rules of Appellate Procedure (HRAP) Rule 10(f). The District Court's failure to enter findings of fact and conclusions of law pursuant to such a request was not erroneous. HRAP Rule 10(f) applies to "actions where the court appealed from is not required to enter findings of fact and conclusions of law prior to entry of an order, judgment, or decree, but is required to do so once a notice of appeal is filed, . . . ." HRAP Rule 10(f) is inapplicable.

his burden of proving an error by the District Court in dismissing the charges without prejudice.

Therefore,

IT IS HEREBY ORDERED THAT the Judgment and Notice of Entry of Judgment, entered on July 2, 2012 in the District Court of the First Circuit, Honolulu Division, is affirmed.

DATED:   Honolulu, Hawai'i, January 29, 2015.

On the briefs:

Richard L. Holcomb,
for Defendant-Appellant.

Loren J. Thomas,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

3